**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| BETH HENSHAW,<br><br>　　Plaintiff,<br><br>v.<br><br>MERRICK BANK CORPORATION; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC,<br><br>　　Defendants. | Case No.:<br><br>**Complaint for Damages:**<br>　1. **Violation of Fair Credit Reporting Act** |

Plaintiff, Beth Henshaw, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.　INTRODUCTION

1.　This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.　PARTIES

2.　Plaintiff is, and was at all times hereinafter mentioned, a resident of Douglas County, Colorado.

3.　At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by

15 U.S.C. §1681(a)(c).

4. Defendant, Merrick Bank Corporation ("Merrick") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Colorado.

5. At all times pertinent hereto, Defendant Merrick was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant Merrick is a foreign corporation with a registered agent in Colorado of CT Corporation System, 7700 E. Arapahoe Rd. Ste. 220, Centennial, CO 80112.

7. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Colorado and has designated the following registered statutory agent: Corporation Service Company 1900 W. Littleton Boulevard, Littleton, CO 80120.

8. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Colorado.

9. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

10. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

12. Defendant, Experian Information Solutions, Inc. ("Experian") is a credit reporting agency, licensed to do business in Colorado and has designated the following registered statutory agent: C T Corporation System 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

13. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Colorado.

14. Experian is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

15. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

16. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

17. Defendant Transunion LLC, ("Transunion") is a credit reporting agency, licensed to do business in Colorado and has designated the following registered statutory agent: The Prentice-Hall Corporation System, Inc., 1900 W. Littleton Blvd. Littleton, CO 80120.

18. Defendant Transunion is, and at all times relevant hereto was, regularly doing business in the State of Colorado.

19. Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

20. Transunion furnishes such consumer reports to third parties under contract for monetary compensation.

21. At all times pertinent hereto, Defendant Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

22. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

23. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Douglas County, Colorado and Defendants do business in Colorado.

24. Personal jurisdiction exists over Defendants as Plaintiff resides in Colorado, Defendants have the necessary minimum contacts with the state of Colorado, and this suit arises out of specific conduct with Plaintiff in Colorado.

### IV.     FACTUAL ALLEGATIONS

25. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Merrick, Equifax, Experian, and Transunion (collectively, "Defendants"), and has suffered particularized and concrete harm.

26. Equifax, Experian, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

27. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

28. Equifax, Experian, and Transunion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681(e)(B).

29. On or about January 27, 2021, Plaintiff discovered Defendant Merrick was erroneously reporting an account ("Account") with a balance due on Plaintiff's Experian, Equifax, and Transunion consumer reports.

30. Plaintiff reached a settlement on the Account with Phillips & Cohen Associates, LTD (the authorized representative for Defendant Merrick) and paid the settlement in full.

31. Despite receiving the benefit of the settlement, Defendant Merrick continued to report the Account with a balance due on Plaintiff's consumer reports.

32. Experian, Equifax, and Transunion published the false information regarding Plaintiff to third parties.

33. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

#### PLAINTIFF'S WRITTEN DISPUTE

34. On or about January 27, 2021, Plaintiff sent a written dispute to Equifax, Experian, and Transunion ("The Disputes"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

35. Upon information and belief, Equifax, Experian, and Transunion forwarded Plaintiff's Dispute letters to Defendant Merrick.

36. Upon information and belief, Merrick received notification of Plaintiff's Dispute Letters from Equifax, Experian, and Transunion.

37. Upon information and belief, Merrick verified the erroneous information associated with the Account to Equifax, Experian, and Transunion.

38. Merrick did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

39. Equifax, Experian, and Transunion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

40. Upon information and belief, Merrick failed to instruct Equifax, Experian, and Transunion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

41. Equifax, Experian, and Transunion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

42. At no point after receiving the Dispute Letters did Merrick, Equifax, Experian and/or Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

43. Equifax, Experian, and Transunion relied on their own judgment and the information provided to them by Merrick, rather than grant credence to the information provided by Plaintiff.

**COUNT I – EXPERIAN, TRANSUNION, AND EQUIFAX**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving the Dispute, Experian, Transunion, and Equifax each failed to correct the false information reporting on Plaintiff's consumer report.

46. Experian, Transunion, and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiff.

47. As a result of this conduct, action and inaction of Experian, Transunion, and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. The conduct, action, and inaction of Experian, Transunion, and Equifax was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Experian, Transunion, and Equifax each was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Experian, Transunion, and Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**C**OUNT **II – Experian, Transunion, and Equifax**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

51. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

52. After receiving the Dispute, Experian, Transunion, and Equifax failed to correct the false information reporting on Plaintiff's consumer report.

53. Experian, Transunion, and Equifax each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by

failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

54. As a result of this conduct, action and inaction of Experian, Transunion, and Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. The conduct, action, and inaction of Experian, Transunion, and Equifax was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

56. In the alternative, Experian, Transunion, and Equifax each was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Experian, Transunion, and Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – MERRICK
#### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

58. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

59. After receiving the Dispute Letters, Merrick failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

60. Merrick violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Merrick's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Merrick's representations to consumer credit reporting agencies, among other unlawful conduct.

61. As a result of this conduct, action, and inaction of Defendant Merrick, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to

reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. Defendant Merrick's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63. In the alternative, Defendant Merrick was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Merrick pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks her statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this April 14, 2021

                        MCCARTHY LAW, PLC

                        */s/ Jacob W. Hippensteel*
                        Jacob W. Hippensteel
                        Jacob.Hippensteel@mccarthylawyer.com
                        McCarthy Law PLC
                        4250 N. Drinkwater Blvd., Ste. 320
                        Scottsdale, Arizona 85251
                        Phone: 602-456-8900
                        Fax: 602-218-4447

                        Attorney for Plaintiff